PS 8
(Rev. 5/2020)

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JAN 25 2021

JAMES W. McCORMACK, CLERK
By: _____
                    DEP CLERK

# UNITED STATES DISTRICT COURT
## for the
## EASTERN DISTRICT OF ARKANSAS

U.S.A. vs. Mujera Benjamin Lungaho                          Docket No. 0860 4:20CR00288-1

**Petition for Summons for Person Under Pretrial Supervision**

      COMES NOW Michael Umphenour, U.S. PROBATION OFFICER, presenting an official report upon the conduct of defendant Mujera Benjamin Lungaho, who was placed under pretrial release supervision by the Honorable Patricia S. Harris sitting in the Court at Little Rock, Arkansas, on September 18, 2020, under the following conditions:

(1)    The defendant must not violate federal, state, or local law while on release.

(2)    The defendant must cooperate in the collection of a DNA sample if it is authorized by 42 U.S.C. § 14135a.

(3)    The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.

(4)    The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.

(5)    The defendant must sign an Appearance Bond, if ordered.

(6)    The defendant is placed in the custody of: Wanda Lungaho.

(7)    The defendant must:
(a) submit to supervision and report for supervision to the U.S. Probation Office.
(b) continue or actively seek employment.
(g) avoid all contact, directly or indirectly, with any person who is or may become a victim or witness in the investigation or prosecution.
(k) not possess a firearm, destructive device, or other weapon.
(l) not use alcohol excessively.
(m) not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
(n) submit to testing for a prohibited substance if required by the pretrial services office or the supervising officer. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of any prohibited substance screening or testing.
(o) participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the pretrial services office or supervising officer.
(p) participate in one of the following location restriction programs and comply with its requirements as directed.
        ☒    (ii) **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or

        mental health treatment; attorney visits; court appearances, court-ordered obligations; or other activities approved in advance by the pretrial services office or supervising officer.

(q) submit to location monitoring as directed by the pretrial services office or supervising officer and comply with all of the program requirements and instructions provided. **Ankle Monitor or Virtual Monitoring.**

(r) report as soon as possible, to the pretrial services office or supervising officer, every contact with law enforcement personnel, including any arrests, questioning, or traffic stops.

(s) must maintain regular contact with your attorney no less than every two weeks.

(t) cell phone to be monitored.

(u) no messages to instigate criminal activity.

On October 28, 2020, the defendant entered a Not Guilty Plea before the Honorable Beth Deere, U.S. Magistrate Judge. At the hearing, the Court ordered the defendant could spend time in his yard and did not need to receive alerts for check-ins between the hours of 1 a.m. and 5 a.m. to allow for consistent sleep.

Jury trial is set for September 27, 2021, before the Honorable D. P. Marshall Jr., Chief U.S. District Judge.

## RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

**Description of apparent violations:** On September 18, 2020, the defendant was placed on home detention with virtual monitoring.

The defendant violated his conditions of release when he failed to complete a biometric check-in on time with virtual monitoring on the following dates and times:

September: 20 (3:15 p.m.), 25 (2:49 a.m.), 28 (2:49 a.m. and 8:40 a.m.), and 29 (11:53 a.m.), 2020.

October: 2 (8:20 a.m.), 10 (6:13 p.m.), 12 (9:31 a.m.), 13 (5:12 a.m. and 2:36 p.m.), 14 (10:13 p.m.), 16 (2:31 p.m.), 17 (9:13 a.m.), 21 (7:52 a.m. and 6:18 p.m.), 24 (5:40 p.m.), 26 (11:02 a.m.) and 27 (9:24 a.m.), 2020.

November: 8 (5:24 p.m.), 10 (9:28 p.m.), 14 (10:01 a.m.), 15 (3:35 p.m.), 18 (6:09 a.m.), 20 (6:01 a.m.), 21 (8:01 a.m.) and 28 (6:59 a.m.), 2020.

December: 1 (9:09 a.m. and 6:57 p.m.), 13 (10:25 a.m.), 14 (6:13 a.m.), 18 (10:50 p.m.), 25 (8:41 a.m. and 1:20 p.m.), 26 (6:45 a.m.), 27 (10:06 a.m.) and 28 (9:50 p.m.), 2020.

January: 4 (9:30 a.m.), 5 (10:00 a.m.), 6 (8:41 a.m.), 7 (7:41 a.m. and 5:07 p.m.), 10 (3:50 p.m.) and 11 (9:13 p.m.), 2021.

On November 16, December 7 and 10, 2020, the defendant submitted urine specimens which tested tested and confirmed positive for the use of marijuana.

The defendant failed to attend individual substance abuse counseling at the Recovery Centers of Arkansas, on December 8, 2020, and January 5 and 19, 2021.

On January 20, 2021, the defendant was unsuccessfully discharged from Recovery Centers of Arkansas substance abuse treatment due to multiple failures to attend.

**Description of prior violations:** The following violations were previously reported to the court: The defendant violated his conditions of release by failing to submit urine specimens on September 23, October 7, 15 and 22, 2020.

On October 28 and November 2, 2020, the defendant submitted diluted urine specimens which tested and confirmed positive for the use of marijuana.

**Actions taken to bring the defendant into compliance were as follows:** The defendant was reinstructed on conditions of release. Subsequent virtual monitoring check-ins were completed after each missed check-in. The defendant struggled to regularly call-in for drug testing. In effort to alleviate the noncompliance's with drug testing, on November 16, 2020, the defendant agreed to report for testing each week on Mondays and Thursdays.

**Defendant's compliance with release conditions:** A record check revealed a new Arkansas State arrest on December 29, 2020, for alleged conduct occurred around the same time as conduct tied to his federal indictment. The defendant was released from custody on December 30, 2020. On January 8, 2021, the defendant advised he gained employment at Avis Budget car rental in North Little Rock.

**OFFICER'S RECOMMENDATION:**

It is respectfully requested that a summons be issued, and the defendant appear for a show-cause hearing to determine if bond should be revoked.

I declare under penalty of perjury that the foregoing is true and correct.

Michael Umphenour
U.S. Probation Officer

Executed on   January 21, 2021

Approved by:

Supervising U.S. Probation Officer

The U.S. Attorney's Office submits this petition to be filed with Criminal Docketing as a motion.

Stacy Williams
Assistant U.S. Attorney

Executed on   1-25-2021

c:   The Honorable D. P. Marshall Jr., Chief U.S. District Judge
    The Honorable Patricia S. Harris, U.S. Magistrate Judge

3