IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 4:20-cr-00288-DPM-1 |
| ) | |
| MUJERA LUNG'AHO ) | |

<u>MOTION FOR REVOCATION OR AMENDMENT OF MAGISTRATE JUDGE'S
DETENTION ORDER (DOC. 130) PURSUANT TO 18 U.S.C. § 3145(b)</u>

The Defendant Mujera Lung'aho appeals the magistrate judge's order of detention entered on August 10, 2021 (Doc. 130) under 18 U.S.C. § 3145(b).

On September 18, 2020, Lung'aho was released on conditions. (Docs. 10-11). On February 10, 2021, Lung'aho's conditions were modified to include home detention with location monitoring by ankle monitor. (Docs. 64-65).

The magistrate judge found it "unlikely that there are any conditions or combination of conditions that the Defendant is likely to abide by." (Doc. 130 at 1) (referencing 18 U.S.C. § 3148). Lung'aho respectfully disagrees, as any sort of 24-7 GPS monitor and/or increased drug treatment would assuage the magistrate judge's concerns.

The magistrate judge's primary basis for ordering Lung'aho detained was that he arrived home late frequently and purportedly failed to inform officers of such on the front end. Lung'aho testified and submitted records showing that he routinely texted the duty officer of his plans going late—often due to his lack of reliable transportation—*before* reaching that point, but rarely received any communications in response until afterward.

Lung'aho is a hardworking individual who is being punished for being poor and lacking reliable transportation to and from his place of his work. He is also being punished for attempting to supplement his meager primary income with side jobs. There is no allegation that

he is a flight risk or a threat to others, only that he has tested positively for marijuana and returned home late from work. While it is true he was arrested for low-level misdemeanor offenses, this behavior is indicative of someone cracking under the pressure of a federal indictment that carries a potential life sentence rather than someone unwilling or unable to abide by his conditions of release.

Lung'aho has dutifully attempted to comply with each of his conditions. His second condition is to remain employed or seek employment, and at times, it has created tension with his condition of home confinement. Aside from his arrest, any other time Lung'aho was purportedly late returning home was in service of abiding by this condition regarding employment.

Further, while Lung'aho was placed on home detention as a condition of his release, his supervising officers testified they had no reason to believe he was anywhere other than work (as he stated) during the vast majority of his alleged home-detention violations. There was thus insufficient evidence that he violated this condition of release. Merely arriving home late is not an/violation of his conditions, and the testimony of Officers Umpenhour and Griggs make clear that he was not willfully violating his conditions. Being late is not a violation; rather, willfully remaining outside of his house for non-employment or other accepted purposes would constitute such. The magistrate judge erred in finding willful violations accordingly.

Lung'aho also contests that he left his home at all during several of the alleged violations. He was routinely informed that he was "out of range" when he was in fact at home as required by his conditions. The Probation Office's difficulties with the location-monitoring technology should not be held against Lung'aho, nor should the Office's shoddy communication after hours and on weekends.

This Court should revoke or amend the magistrate judge's order accordingly.

WHEREFORE, the Defendant Mujera Lung'aho prays his Motion be granted.

        Respectfully submitted,

        **/s/ Michael Kiel Kaiser**
        ABN 2015001
        Michael@lcarklaw.com

        **Attorney for Defendant**
        LASSITER & CASSINELLI
        300 S Spring Street, Suite 800
        Little Rock, AR 72201
        (501) 370-9300

## CERTIFICATE OF SERVICE

I hereby certify that on August 19, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and transmitted a copy via electronic transmission to:

Stacy Williams
Assistant United States Attorney
Email: Stacy.Williams@USDoJ.gov