IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 4:20CR00288-01-DPM |
| | ) | |
| MUJERA BENJAMIN LUNGAHO | ) | |

**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTIONS IN LIMINE TO EXCLUDE EVIDENCE**

The United States of America, by and through its attorney, Jonathan D. Ross, Acting United States, and Stacy R. Williams, Assistant United States Attorney, respectfully submits this Response in Opposition to defendant Mujera B. Lung'aho's Motions in Limine to Exclude Evidence.

On February 3, 2021, the Grand Jury for the Eastern District of Arkansas returned a thirteen-count indictment charging Lung'aho with three counts of conspiracy to maliciously damage or destroy by means of fire law enforcement patrol vehicles, one count of attempt to maliciously damage or destroy by means of fire a law enforcement patrol vehicle, two counts of maliciously destroying by means of fire law enforcement patrol vehicles, one count of attempting to use a destructive device in furtherance of a crime of violence, two counts of using a destructive device in furtherance of a crime of violence, three counts of possession of a destructive device, and one count of making a destructive device (Doc. No. 56).

On August 19, 2021, the defense filed motions to exclude prior bad acts and evidence retrieved from Lung'aho's cellular telephone that on the night the North Little Rock patrol car was destroyed, Lung'aho possessed and accessed the 5-0 app. This cell phone application allows those who download it to listen to police scanners.

1

At trial, the United States would present evidence regarding each of the items the defense asks to be excluded. The United States argues that all evidence is intrinsic evidence and should not be excluded.

The months leading up to Mr. Lung'aho's arrest were a tumultuous time. Some of the peaceful protests turned violent, and some protestors crossed the lines and committed illegal acts. Windows were broken, graffiti was sprayed, buildings and cars were set afire. Vandalism was happening throughout Little Rock and North Little Rock. The Little Rock Police Department (LRPD) began an extensive investigation into the protestors it believed were committing vandalism.

The investigation into Lung'aho began after vandalism occurred at the Oakland Cemetery in Little Rock. The sexton of the cemetery had placed game cameras at the cemetery which captured the acts of vandalism. Using those pictures, undercover police officers recognized Lung'aho at the ongoing protests. Once he was positively identified, a state warrant for the vandalism at the cemetery was issued for his arrest. Officers went to Lung'aho's mother's residence to serve the warrant. As officers approached, Lung'aho fled and threw his cell phone as he ran.

LRPD obtained a search warrant for Lung'aho's cell phone and an image of the North Little Rock (NLR) patrol vehicle destroyed by a destructive device was found on the phone. Specifically, the image showed the rear compartment of the vehicle with the back glass broken out and a fire burning within the cargo compartment. The 5-0 app was discovered with the search warrant and showed Lung'aho had been listening to the app after the NLR vehicle was set afire.

During the course of the investigation, a LRPD detective was driving in Little Rock and happened to notice a LRPD recruitment billboard with "STOP KILLING US" sprayed on it. The

detective stopped and took a photo of the billboard. In the course of the investigation, officers realized the stencil that was used to spray the billboard matched the graffiti on an Arkansas State Police (ASP) patrol vehicle the night the ASP patrol vehicle was destroyed by a destructive device.

At a live-streamed protest, during a Little Rock City Board meeting, Lung'aho can be heard threatening Mayor Frank Scott. The next night various city buildings were vandalized either before or after the NLR patrol vehicle was destroyed. Photos from Facebook of the vandalism and the destroyed NLR patrol vehicle were found on Lung'aho's cell phone during the court authorized search. Lung'aho sent screen captures of Facebook images of the damage to an unindicted co-conspirator the night after the NLR patrol vehicle was destroyed.

Notably, the conspiracy alleged in Count One runs from in or about June 2020 until on or about August 26, 2020, and the conspiracy alleged in Count Ten runs from June 2020 until on or about September 3, 2020.[1] Thus, the actions Lung'aho seeks to exclude occurred during the time periods alleged in the indictment. Lung'aho's attempt to flee is evidence of consciousness of guilt. *See, e.g.*, *United States v. Howard*, 977 F.3d 671, 677 (8th Cir. 2020).

Additionally, the Eighth Circuit has repeatedly held that evidence may be admissible "for the purpose of providing the context in which the crime occurred, i.e., the *res gestae*." *United States v. Nicholson*, 815 F.2d 61, 63 (8th Cir. 1987) (citing cases). "A jury is entitled to know the circumstances and background of a criminal charge.  It cannot be expected to make its decision in a void-without knowing of the time, place, and circumstances of the acts which form the basis of the charge." *Id*. Although Rule 404(b) excludes evidence of bad acts to prove a person has a propensity to commit similar acts, this rule does not apply to intrinsic evidence. *United States v.*

---

[1] "On or about" includes dates "reasonably near the date[s] alleged." *See United States v. Harris*, 344 F.3d 803, 804 (8th Cir. 2003).

*Guzman*, 926 F3d. 991, 1000 (8th Cir. 2019). "Intrinsic evidence is evidence of wrongful conduct other than the conduct at issue offered for the purpose of providing the context in which the charged crime occurred. It 'includes both evidence that is inextricably intertwined with the crime charged as well as evidence that merely 'completes the story' or provides context to the charged crime. Intrinsic evidence need not be *necessary* to the jury's understanding of the issues to be admissible." *Id*. At 1000-1001. (quoting *United States v. Campbell*, 764 F.3d. 880, 882 (8th Cir. 2014)); *United States v. Young*, 753 F3.d 757, 770 (8th Cir. 2014)).

All of the incidents the defense requests be excluded are intrinsic to how law enforcement discovered Lung'aho was the person who committed the crimes charged in the indictment. The defense wishes to exclude evidence of Lung'aho's involvement in the Oakland Cemetery vandalism, a fight between protestors, and graffiti on a billboard in Mabelvale Pike. The defense also seeks to exclude evidence of Lung'aho's attendance and comments at a Little Rock City Board Meeting, and Lung'aho's attempt to flee when officers arrived at his mother's residence to serve a state warrant.

This evidence is an important part of the investigation, form the basis for law enforcement taking certain actions in the investigation, and identify the user of the phone recovered. The jury is entitled to know the circumstances surrounding Lung'aho's actions and statements. The United States contends all evidence the defense wishes to exclude is intrinsic and should not be excluded.

If the Court disagrees that this evidence is intrinsic to the case, the United States hereby provides notice of its intent to use the evidence that is the subject of Lung'aho's motion to prove motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, and lack of accident. Fed. R. Evid. 404(b).

**WHEREFORE**, the United States respectfully requests that Lung'aho's motions in limine be denied.

                                            Respectfully Submitted,

                                            JONATHAN D. ROSS
                                            Acting United States Attorney

                                            By: STACY R. WILLIAMS (AR2011081)
                                            Assistant United States Attorney
                                            Post Office Box 1229
                                            Little Rock, AR  72203
                                            501-340-2600
                                            Stacy.Williams@usdoj.gov