IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 4:20-cr-00288-DPM-1 |
| | ) | |
| MUJERA LUNG'AHO | ) | |

<u>MOTION TO DISMISS COUNTS ONE, TWO, THREE, FOUR, SIX, SEVEN, EIGHT, TEN, ELEVEN, AND TWELVE OF INDICTMENT</u>

The government seeks to transform the "paradigmatic common-law state crime" of arson, *Jones v. United States*, 529 U.S. 848, 858 (2000), into a federal criminal offense. The government lacks the jurisdictional hook to do so. By charging Lung'aho in a multi-count indictment for which he would face a mandatory minimum term of thirty-five years in prison if convicted, the government stretches the reach of federal criminal law beyond its constitutional bounds. As Judge Friendly explained, "Congress did not choose . . . to make nearly every bombing in the country a federal offense." *United States v. Mennuti*, 639 F.2d 107, 113 (2d Cir. 1981). Congress certainly did not choose to make this alleged bombing a federal offense. This case involves the attempted arson of local police vehicles in which the federal government has no financial interest—as the vehicle was purchased using only local funds—and in which the vehicle serves no role in interstate commerce. Because the federal government cannot exert federal

jurisdiction over an offense in which it lacks interest, the Court should dismiss the arson counts of the indictment.

The government's efforts to extend the harsh mandatory minimum penalties of 18 U.S.C. §§ 924(c) and 844(h) are also unprecedented and contrary to recent Supreme Court precedent. First, the Supreme Court's recent decision in *Borden v. United States*, 141 S.Ct. 1817 (2021) conclusively precludes the application of the harsh § 924(c) enhancement to predicate crimes that can be committed with a *mens rea* of recklessness. The predicate offense here, § 844(f), is just such an offense. *Borden* requires the Court to dismiss the § 924(c) counts accordingly.

<u>Count One, Two, Six, Seven, Ten, and Eleven</u>

Dismissal of counts one, two, six, seven, ten, and eleven— damaging property of an organization receiving federal financial assistance, a violation of 18 U.S.C. § 844(f), and conspiracy to do so — is warranted because extending that statute to the allegations here exceeds Congress's constitutional authority. Congress's Property Clause powers do not support extending federal criminal jurisdiction to the arson of a local vehicle with no connection to federal financial assistance. The vehicles at issue were not used in interstate commerce.

The Constitution's Property Clause grants Congress the power "to dispose of and make all needful Rules and Regulations respecting the Territory or other Property belonging to the United States." U.S. Const. art. IV, § 3, cl. 2. Pursuant to

that Clause, Congress promulgated § 844(f) in 1970, making it a federal crime to maliciously damage or destroy, or to attempt to damage or destroy, "by means of fire or an explosive, any building, vehicle, or other personal or real property in whole or in part owned or possessed by, or leased to, the United States, or any department or agency thereof, or any institution or organization receiving Federal financial assistance." *See* 18 U.S.C. § 844(f)(1); H.R. Rep. No. 91-1549 (1970) ("Section 844(f) . . . is new, and relies for its constitutional base on the power of the federal government to protect its own property.").

The Property Clause does not authorize Congress to extend federal jurisdiction to the destruction of *any* property of an organization receiving only some Federal funding. To reach that conclusion "would give the statute a sweeping scope," as in "the present economy, a wide variety of organizations, both private and non-profit, receive some form of federal financial assistance to acquire, renovate, or lease specific property." *United States v. Hersom*, 588 F.3d 60, 67 (1st Cir. 2009).

To find a nexus to interstate commerce here would be "transform a broad swathe of 'traditionally local criminal conduct' into a 'matter for federal enforcement.'" *Hersom*, 588 F.3d at 67 (quoting *Jones v. United States*, 529 U.S. 848, 858 (2000)). The interpretive canon against construing statutes to have the effect of significantly altering the federal-state balance in the prosecution of crime

3

would thus appear to apply here with full force. *Jones*, 529 U.S. at 858 (citing *United States v. Bass*, 404 U.S. 336, 349 (1971)). The doctrine of lenity, requiring criminal statutes to be construed narrowly, also suggests a narrowing construction. *See Rewis v. United States*, 401 U.S. 808, 812 (1971).

"Thus, in the case of organizations receiving federal financial assistance related to specific property," the *Hersom* Court construed section 844(f) as "limited in general to arson of that particular property." 588 F.3d at 67. The government does not allege that the vehicles at issue here were acquired, renovated, or leased using federal financial assistance.

To find that the indictment supports charging § 844(f) offenses here would be to stretch federal criminal liability beyond recognition. Under the reading necessary to sustain the above counts, § 844(f) would apply to someone who set fire to a football stadium—or even football jerseys—of a university that receives modest research funding for a particular project from the National Institutes of Health. But such a reading would be an unconstitutional exercise of Congress's Property Clause. The indictment thus oversteps the bounds of the Property Clause, and the Court should dismiss the above counts accordingly.

<u>Counts Three, Eight, and Twelve</u>

Dismissal of counts three, eight, and twelve—using a destructive device during and in relation to a crime of violence, a violation of 18 U.S.C. § 924(c)—is

4

warranted because the predicate felony charged here, § 844(f) (which should be dismissed in any event), is not a crime of violence. Because a person can be convicted of § 844(f) with a recklessness *mens rea*, it is not categorically a crime of violence. *See Borden*, 141 S.Ct. at 1822; *see also United States v. Cheese*, No. 18-CR-33-2 (NGG), 2020 WL 705217 (E.D.N.Y. Feb. 12, 2020).

In the short time since *Borden* was decided, multiple courts have already held that statutes involving malicious conduct like the federal arson statute at issue cannot qualify as a "crime of violence" for purposes of Section 924(c). *See Rudolph v. United States*, No. 20-CV-8024 (CLS), 2021 WL 3212804, at 11 (N.D. Ala. July 29, 2021) ("Because [defendant's] conviction for the predicate § 844(i) arson offense alleged in Count One required proof that he acted 'maliciously' — a *mens rea* that 'includes both intentional and reckless acts' — it cannot be considered a 'crime of violence' under the elements clause of 18 U.S.C. § 924(c)(3)(A)"); *United States v. Sweatt*, No. 05-CR-230 (DKC), 2021 WL 3022695, at 5 (D. Md. July 16, 2021) ("*Borden* has entirely foreclosed this court from finding that . . . an offense [requiring only 'malicious' conduct] properly can act as a predicate 'crime of violence' under § 924(c)."). *Borden* compels the same result here as in *Rudolph* and *Sweatt*, and forecloses the government's reliance on § 844(f) as a predicate crime of violence for § 924(c).

Separately, because a § 844(f) conviction can rest on the destruction of one's own property, it is not a crime of violence against the "property of *another*." At least one district court has concluded that § 844(f) cannot qualify as a "crime of violence" under § 924(c)(3)(A) because "a defendant can be convicted [under § 844(f)] for targeting their own property." *Bolen v. United States*, --- F. Supp. 3d ---, 2021 WL 1700340, at 2 (D. Idaho Apr. 29, 2021). The *Bolen* Court explained that the government conceded that § 844(i)—the statute governing arson of any property used in interstate commerce—is not a crime of violence, because § 844(i) "includes the use of force on one's own property." *Id.*; *see also, e.g.*, *United States v. Salas*, 889 F.3d 681, 684 (10th Cir. 2018) (vacating § 924(c) count because the government conceded that "§ 844(i) arson does not require, as an element, the use of force against the property of 'another'; [because] for example, § 844(i) may apply to a person who destroys his or her own property").

The *Bolen* Court then explained that just like § 844(i), "the plain language of § 844(f) demonstrates that a defendant can be convicted for targeting property their own property." 2021 WL 1700340, at 2. For instance, if a property owner receives funding through a Department of Housing and Urban Development program, uses that funding to renovate the property, and commits arson against their own property, "they are subject to prosecution under § 844(f)." *Id.* at 3. That is because

6

under the text of § 844(f), the property owner destroyed property of an "organization receiving Federal financial assistance." 18 U.S.C. § 844(f).

This means of violating § 844(f) is not conjectural or hypothetical. In *United States v. Koen*, 982 F.2d 1101 (7th Cir. 1992), the Seventh Circuit affirmed the § 844(f) conviction of an individual who set fire to a building that he wholly owned because an organization receiving Federal funds leased property in the building. *Id.* at 1104. In other words, by setting fire to his building, the defendant in *Koen* used force against his *own* property — not the property of another — but was nonetheless convicted of violating § 844(f). Because § 844(f) punishes arson of one's own property, it does not categorically require the use of force against the property of another, as required by § 924(c).

## Counts Four and Five

Dismissal of count four – knowingly possessing a destructive device that has not been registered, a violation of 26 U.S.C. §§ 5861(d), 5841, and 5871 – is warranted because the conduct and facts are identical to count five – knowingly making a destructive device, a violation of 26 U.S.C. § 5861(f) – and any conviction thereof would be a violation of the Double Jeopardy Clause of the Fifth Amendment. U.S. Const. amend V. The Gun Control Act of 1968 enshrined §§ 5841 and 5861 into law, and neither it nor its subsequent amendments demonstrate

any legislative intent to assign cumulative punishments for a single behavior. Gun Control Act of 1968, HR 17735, 90th Congress (1968).

Courts have consistently held that a person may be punished multiple times for the same conduct at the same trial without violating Double Jeopardy when (1) the defendant is convicted under two statutes and (2) Congress has authorized cumulative sentences. *United States v. Smith*, 502 F.3d 680 at 691(7th Cir. 2007). When there is no express intent to impose multiple punishments for the same offense, courts have further held that the presumption is that the legislature did not mean for the person to be punished twice for the same factual instance. *United States v. Berres*, 777 F.3d 1083 at 1090 (10th Cir. 2015). Any conviction on the multiple charges on counts four and five brought under § 5861 – a law with no legislative intent for cumulative sentencing – would immediately be a violation of the Due Process Clause of the Fifth Amendment.

Further, Courts have long looked to the *Blockburger* Test to determine whether identical conduct can trigger prosecution for indistinguishable charges. Under *Blockburger*, multiple prosecutions may be triggered if "if each crime requires proof of a fact that the other does not." *Berres* at 1090. In *Berres*, the court held that possession of a destructive device began prior to the completion of the device (and, therefore, during the making of the device). *Id* at 1091. Simply put, in order to make a destructive device, one must possess it at the same time, and the

possession and making of that device are inextricable. Here, the proof of facts are identical and therefore any conviction will be a violation of the Double Jeopardy Clause and a violation of the Fifth Amendment.

It is for the above reasons that a conviction on counts four and five would be a violation of the Due Process Clause of the Fifth Amendment, and count four should be dismissed accordingly.

For these reasons, the Court should dismiss the above-referenced counts of the indictment, permitting the government to proceed only on counts five, nine, and thirteen.

WHEREFORE the Defendant Mujera Lung'aho prays his Motion to Dismiss be granted.

Respectfully submitted,

**/s/ Michael Kiel Kaiser**
ABN 2015001
Michael@lcarklaw.com

**Attorney for Defendant**
LASSITER & CASSINELLI
300 S Spring Street, Suite 800
Little Rock, AR 72201
(501) 370-9300

## CERTIFICATE OF SERVICE

I hereby certify that on November 23, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and transmitted a copy via electronic transmission to:

Stacy Williams
Assistant United States Attorney
Email: Stacy.Williams@USDoJ.gov