UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 4:20CR00288-01-DPM |
| v. ) | |
| ) | |
| MUJERA BENJAMIN LUNG'AHO ) | |

**RESPONSE TO DEFENDANT'S MOTIONS TO SUPPRESS EVIDENCE**

The United States of America, through Jonathan D. Ross, United States Attorney for the Eastern District of Arkansas, and Stacy Williams, Assistant United States Attorney for said district, for its response to defendant Mujera Benjamin Lung'aho's motions to suppress evidence states:

**I.    BACKGROUND**

On July 10, 2020, damage caused by vandalism was discovered at the Oakland Historic Cemetery in Little Rock. A game camera on the property contained footage showing that at approximately 1:40 a.m. on July 9, 2020, a black male suspect and a black female suspect arrived at the cemetery and attempted to pull down an obelisk using a strap attached to a vehicle. One of the suspects was also observed talking to someone out of view on a walkie-talkie.

On July 20, 2020, Detective Brandon Smith, who was investigating the incident at the cemetery, received video of a protest held at the Arkansas State Capitol on July 18, 2020. Among the participants in the protest shown on the video was a black male who was recognized as being the same person shown on the camera at the cemetery. The individual was subsequently identified as being the defendant.

An arrest warrant was obtained for the defendant in connection with the vandalism at the cemetery. On September 3, 2020, the defendant was observed standing in the front yard of his residence talking on his phone. As officers approached the defendant, he fled on foot. As he was

fleeing, the defendant appeared to be deleting data from the cell phone and he discarded the phone while he was running away from the officers. The defendant was taken into custody, and his phone was retained as evidence.

Detective Smith submitted an application for a warrant to search the defendant's cell phone on September 8, 2020, and a warrant was issued to search the phone. Detective Smith also obtained a warrant to search the defendant's residence. During the search of the defendant's phone, it was discovered to contain a photograph of an individual standing next to a North Little Rock Police Department patrol car that was burning. The phone also contained numerous snapshots from Facebook of damage to government buildings in Little Rock after the buildings had been vandalized.

An ensuing investigation developed the defendant and others were listed as suspects in three separate incidents during which there was an attempt to burn a Little Rock Police Department patrol car and successful burnings of an Arkansas State Police patrol car and a North Little Rock Police Department patrol car. During each incident, the perpetrators used, or attempted to use, an improvised explosive device commonly known as a Molotov cocktail, which consisted of a glass bottle filled with gasoline and stoppered with a cloth rag soaked in an accelerant. The perpetrators would light the rag, then throw the bottle at the vehicle, at which point the bottle would break, spreading flames across the vehicle. On February 3, 2021, a federal grand jury returned a thirteen-count Superseding Indictment against the defendant charging him with (1) conspiracy to destroy by means of fire a Little Rock Police Department patrol car; (2) attempting to destroy by means of fire the same patrol car, (3) possession of an explosive device in furtherance of a crime of violence; (4) possession of an unregistered destructive device; (5) manufacture of a destructive device; (6) conspiracy to destroy by means of fire an Arkansas State Police patrol car; (7) destroying by means

of fire the same patrol car; (8) possession of an explosive device in furtherance of a crime of violence; (9) possession of an unregistered destructive device; (10) conspiracy to destroy by means of fire a North Little Rock Police Department patrol car; (11) destroying by means of fire the same patrol car; (12) possession of an explosive device in furtherance of a crime of violence; and (13) possession of an unregistered destructive device.

The defendant filed the instant motions to suppress on February 22, 2022. The motion to suppress evidence seized from the defendant's cell phone should be denied because the defendant abandoned the cell phone and therefore lacks a reasonable expectation of privacy in its contents. Also, the affidavit in support of the application for a search warrant establishes probable cause and the warrant is not overly broad. Alternatively, the good-faith exception to the warrant requirement applies in this case. The motion to suppress evidence seized during the search of the defendant's residence should be denied as moot because the United States does not intend to introduce any of the evidence seized from the residence at trial.

## II.     LAW AND ARGUMENT

### A. The defendant does not have a reasonable expectation of privacy in the contents of the cell phone because he abandoned it during his flight from the police.

To prevail on his motion to suppress, the defendant must show that he had a reasonable expectation of privacy in the cell phone. *United States v. Nowak*, 825 F.3d 946, 948 (8th Cir. 2016). Here, the defendant appeared to be deleting data from the phone during his flight from the police, and he discarded the phone during his flight. The Eighth Circuit has previously held that a defendant abandoned a cell phone when he dropped it in the street while fleeing from the police. *See United States v. Taylor*, 462 F.3d 1023, 1026 (8th Cir. 2006); *see also United States v. Crumble*, 878 F.3d 656, 659–60 (8th Cir. 2018) (holding that the district court did not err by finding

3

that the defendant abandoned a cell phone he left in a wrecked vehicle when he fled from the police on foot). "The Fourth Amendment is not implicated by a search of property that has been abandoned because a defendant who has abandoned his property 'has relinquished h[is] reasonable expectation of privacy.'" *Nowak (quoting United States v. James*, 534 F.3d 868, 873 (8th Cir. 2008) (alteration in original)). By tossing the phone, the defendant relinquished his reasonable expectation of privacy in the phone. *See United States v. Small*, 944 F.3d 490, 504 (8th Cir. 2019).

The defendant may point to his actions in telling the officers that they could not search his phone without a warrant after he was taken into custody and the phone was retrieved. "Abandonment, however, does not turn on [a defendant]'s subjective intent, but rather 'the objective facts available to the investigating officers.'" *Crumble*, 878 F.3d at 659–60 (quoting *Nowak*, 825 F.3d at 948 (internal quotation marks omitted)). In determining whether an item has been abandoned, "the dual factors of whether the defendant physically relinquished his property and whether he denied ownership of it" are considered. *Nowak*, 825 F.3d at 948. "However, a verbal denial of ownership is not necessary for a finding of abandonment," as the issue is determined "based on the totality of the circumstances." *Id.*

The defendant fled from officers while outside in a publicly accessible location, and he threw his cell phone away during the course of that flight. These actions by the defendant make it clear that he did not want to be associated with the phone (or its contents), and it was only after he was taken into custody and the phone retrieved from where it had been discarded that the defendant attempted to assert any ownership over the phone. The objective facts indicate that the defendant intentionally abandoned the phone during his flight from the police. Accordingly, he cannot assert a Fourth Amendment challenge to the search of the phone.

**B. The affidavit submitted in support of the application for a warrant to search the cell phone establishes probable cause, and the warrant is not overly broad.**

In the event this Court determines that the defendant did not abandon the phone and that a warrant was necessary to search the contents of the phone, the affidavit submitted in support of the application for a search warrant, which was granted by a state court judge, sets forth probable cause to search the phone. Further, the warrant is not overly broad.

"Probable cause means a 'fair probability that contraband or evidence of a crime will be found in a particular place,' given the circumstances set forth in the affidavit." *United States v. Horn*, 187 F.3d 781, 785–86 (8th Cir. 1999) (quoting *Illinois v. Gates,* 462 U.S. 213, 238 (1983)). "In ruling on a motion to suppress, probable cause is determined based on 'the information before the issuing judicial officer.'" *United States v. Smith*, 581 F.3d 692, 694 (8th Cir. 2009) (quoting *United States v. Reivich*, 793 F.2d 957, 959 (8th Cir. 1986)). Here, the affidavit submitted to the state district court contained the following information:

- Vandalism occurred at a cemetery in Little Rock, which included graffiti indicating the vandalism was committed as part of larger protests and national dialogue regarding issues of race and the activities of police agencies.

- Cameras at the cemetery captured images of the defendant and another individual at the cemetery.

- Either the defendant or the other individual was seen on the film speaking to an unknown person via walkie-talkie.

- The defendant fled upon seeing the officers while he was talking on the phone in the front yard of his residence.

5

The nature of the vandalism indicates a high likelihood that there would be photographs of the incident on the defendant's phone. The vandalism was also a planned incident, as evidenced by the fact that the perpetrators had the strap that they used to attempt to pull down the obelisk, as well as walkie-talkies. The fact that there were multiple people involved also increased the likelihood that there would be text messages and records of phone calls regarding the planning of the incident. Given these circumstances, the affidavit provided probable cause to believe there would be evidence of the vandalism on the defendant's cell phone.

In addition, the warrant is not overly broad. "The Warrant Clause of the Fourth Amendment provides that 'no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and *particularly* describing the place to be searched, and the persons or things to be seized.'" *United States v. Sigillito*, 759 F.3d 913, 923 (8th Cir. 2014). "Particularity prohibits the government from conducting 'general, exploratory rummaging of a person's belongings.'" *Id.* (quoting *United States v. Saunders,* 957 F.2d 1488, 1491 (8th Cir.1992)). "'To satisfy the particularity requirement of the fourth amendment, the warrant must be sufficiently definite to enable the searching officers to identify the property authorized to be seized.'" *Id.* (quoting *United States v. Summage,* 481 F.3d 1075, 1079 (8th Cir. 2007)). "Furthermore, '[t]he degree of specificity required will depend on the circumstances of the case and on the type of items involved.'" *Id.* "'This particularity standard is one of 'practical accuracy rather than' of hypertechnicality." *Id.* (quoting *United States v. Peters,* 92 F.3d 768, 769–70 (8th Cir. 1996)).

Here, the warrant permitted a search for "any and all memory of the phone for any subscriber information, outgoing calls, incoming calls, text messages, instant messages, files and photos, and GPS coordinates." It also authorized a search for "any and all emails, records and documentation from internet sites accessed by the phone, data usage and location, and any other

6

data located on the phone involving location information." This warrant did not permit a general search of the phone. Instead, it was limited to those locations on the phone where evidence of the offenses described in the affidavit was likely to be located. Accordingly, the warrant satisfies the particularity requirement.

    **C.   Alternatively, the good-faith exception to the warrant requirement applies.**

If this Court determines that the affidavit fails to establish probable cause to search the phone or that the warrant was overly broad, the United States respectfully asserts that the good-faith exception to the exclusionary rule would apply in this case. Under the good-faith exception, "even if the affidavit does not set forth sufficient probable cause, evidence obtained pursuant to the search warrant subsequently invalidated will not be excluded if: '(1) the executing officers relied in good faith on a search warrant signed by a neutral and detached magistrate, and (2) the officers' reliance on the warrant was objectively reasonable.'" *United States v. Farlee*, 757 F.3d 810, 819 (8th Cir. 2014) (quoting *United States v. Jackson,* 67 F.3d 1359, 1365 (8th Cir. 1995)). "When a magistrate relies solely on an affidavit to issue the warrant, 'only that information which is found within the four corners of the affidavit may be considered in determining the existence of probable cause.'" *United States v. Etheridge,* 165 F.3d 655, 656 (8th Cir. 1999) (quoting *United States v. Gladney,* 48 F.3d 309, 312 (8th Cir.1995)). "However, when assessing the officer's good faith reliance on a search warrant under the *Leon* good faith exception, [this Court] can look outside of the four corners of the affidavit and consider the totality of the circumstances, including what the officer knew but did not include in the affidavit." *United States v. Martin,* 833 F.2d 752, 756 (8th Cir. 1987) (citing *Anderson v. Creighton,* 483 U.S. 635, 641 (1987)).

Here, Detective Smith relied in good faith on the warrant signed by the state district court judge. He had conducted the investigation and was aware of the nature of the crimes involved and

the nature of the evidence that may have been present on the phone. *See United States v. Curry*, 911 F.2d 72, 78 (8th Cir. 1990) ("The search was directed by Detective Swanson, the officer who prepared the application and the affidavit. This fact is significant because in assessing whether reliance on a search warrant was objectively reasonable under the totality of the circumstances, it is appropriate to take into account the knowledge that an officer in the searching officer's position would have possessed."). In addition to the information contained in the affidavit, Detective Smith would have been aware that the defendant discarded the phone during his flight, supporting the case for probable cause. Also, although the search of the phone revealed evidence of the defendant's participation in the offenses for which he has been indicted, it is clear that this evidence was encountered pursuant to the search for evidence connecting the defendant to the vandalism being investigated.

In addition, suppressing the evidence obtained from the cell phone would not serve the purpose of the exclusionary rule. Here, there is no evidence that Detective Smith engaged in any deliberate or grossly negligent misconduct. Indeed, there is no evidence that Detective Smith engaged in any misconduct whatsoever. If this Court determines that the warrant was not supported by probable cause or was overly broad, declining to apply the good faith exception would punish Detective Smith for relying in good faith on a neutral magistrate's determination that probable cause existed and that the warrant satisfied the particularity requirement. This is not the purpose of the exclusionary rule. *See Davis v. United States*, 564 U.S. 229, 239 (2011). Accordingly, if this Court determines that probable cause is lacking or that the warrant is overly broad it should not exclude the evidence recovered from the defendant's cell phone.

### D.   The motion to suppress evidence seized from the defendant's residence is moot.

The United States does not intend to introduce or rely on any evidence seized during the

search of the defendant's residence. Therefore, the defendant's challenge to that search should be denied as moot. *See United States v. Mitchell*, No. 08-CR-46-LRR, 2009 WL 36605, at *2 (N.D. Iowa Jan. 5, 2009) ("when the government agrees not to offer evidence which is the subject of the motion to suppress, the common practice is to deny the motion as moot").

WHEREFORE, the United States respectfully requests that the defendant's motion suppress evidence seized from the defendant's cell phone be denied and that his motion to suppress evidence from his residence be denied as moot.

Respectfully submitted,

JONATHAN D. ROSS
United States Attorney

STACY WILLIAMS
Bar No. 2011081
Assistant United States Attorney
P.O. Box 1229
Little Rock, AR 72203
(501) 340-2600
Stacy.Williams@usdoj.gov