IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA PLAINTIFF

v. No. 4:20-cr-288-DPM-1

MUJERA BENJAMIN LUNG'AHO DEFENDANT

# ORDER

**1.** Lung'aho moves to dismiss counts one, two, six, seven, ten, and eleven of the Superseding Indictment, which allege violations of the federal arson statute, 18 U.S.C. § 844(f)(1). He also moves to dismiss counts three, eight, and twelve, which allege possession of a destructive device in furtherance of a crime (or an attempted crime) of violence. The Court previously denied without prejudice his embedded motion to dismiss count four. *Doc. 188 at 3.*

**2. Arson Counts.** Lung'aho's main argument is that 18 U.S.C. § 844(f)(1) is unconstitutional as applied to him because Congress exceeded its enumerated powers in enacting this law. This statute provides:

> Whoever maliciously damages or destroys, or attempts to damage or destroy, by means of fire or an explosive, any building, vehicle, or other personal or real property in whole or in part owned or possessed by, or leased to, the United States, or any department or agency thereof, or any institution or organization receiving Federal financial assistance, shall be imprisoned for not less than 5 years and not more than 20 years, fined under this title, or both.

Lung'aho is accused of damaging, or attempting to damage, three police cars with Molotov cocktails during civil disturbances in Little Rock in 2020. One car belonged to the Little Rock Police Department, one to the North Little Rock Police Department, and one to the Arkansas State Police. The State Police and North Little Rock Police Department cars were burned up. By stipulation and agreed exhibits, the parties have clarified the material facts about the federal financial assistance received by each of these law enforcement agencies.

Federal dollars did not, directly or indirectly, pay for any of these vehicles. Each agency received some federal financial assistance during the relevant years. None of this assistance, though, paid for police cars.

- The Little Rock Police Department participates in the Edward Byrne Memorial Justice Assistance Grant Program, the leading source of federal criminal justice funding to state and local governments. The Department received $280,392 in funding from this program in the four years between 2017 and 2021. In 2020, the Department also received a federal grant for $786,845 in COVID emergency supplemental funding and a Project Safe Neighborhoods

Award for $46,123. The Department's annual budget was approximately $80 million in 2020.

- From 2017 to 2020, the North Little Rock Police Department received approximately $40,000 each year from the same program. The Department also received $132,168 in COVID emergency relief funds in 2020. The Department's 2020 budget was approximately $24 million.

- In the three years between 2017 and 2020, the Arkansas State Police received federal grants totaling approximately $10 million. The State Police's budget was more than $123 million in 2020.

Congress enacted 18 U.S.C. § 844(f)(1) pursuant to the Property Clause. "The Congress shall have Power to dispose of and make all needful Rules and Regulations respecting the Territory or other Property belonging to the United States; and nothing in this Constitution shall be so construed as to Prejudice any Claims of the United States, or of any particular State." U.S. Const. art. IV, § 3, cl. 2. The Clause's history and purpose, as well as the precedent construing it, are ably sketched in *United States v. Brown*, 384 F. Supp. 1151 (E.D. Mich. 1974), *reversed on other grounds*, 557 F.2d 541 (6th Cir. 1977).

As applied to Lung'aho, the statute cannot be sustained under the Property Clause. The damaged police cars were not federal property. They were not paid for with federal financial assistance, either directly or indirectly. *Compare United States v. Apodaca*, 522 F.2d 568, 571-72 (10th Cir. 1975); *United States v. Hersom*, 588 F.3d 60,

65-68 (1st Cir. 2009). The Congress's property power does not extend to criminalizing arson of property having no federal aspect. *Hersom*, 588 F.3d at 65-67.

Invocation of the Property Clause by Congress, however, is not dispositive. *National Federation of Independent Business v. Sebelius*, 567 U.S. 519, 570 (2012). Before a court can take the extraordinary step of declaring a statute unconstitutional, it must consider alternatives that would sustain the law. The United States presses that this statute is a valid exercise of congressional power granted in the Spending Clause coupled with the Necessary and Proper Clause. Under the former, "The Congress shall have Power To lay and collect Taxes, Duties, Imposts and Excises, to pay the Debts and provide for the common Defence and general Welfare of the United States[.]" U.S. Const. art. I, § 8, cl. 1. Under the latter, Congress has the authority to "make all Laws which shall be necessary and proper for carrying into Execution the foregoing Powers . . . [.]" U.S. Const. art. I, § 8, cl. 18.

The United States analogizes 18 U.S.C. § 844(f)(1) to 18 U.S.C. § 666, which criminalizes bribery connected to programs that receive federal funds. *United States v. Sabri*, 326 F.3d 937 (8th Cir. 2003), *affirmed and remanded*, 541 U.S. 600 (2004). Lung'aho responds that important differences exist. Under § 666, the bribe must include a thing of value worth more than $5,000; and the non-federal agency involved must receive at least $10,000 a year in federal funds. No such

guardrails, he emphasizes, are in § 844(f)(1). He hypothesizes that one who set fire to a trash can belonging to an organization that is receiving federal financial assistance would risk federal prosecution. Lung'aho also points to some undisputed facts. Considered in terms of their 2020 budgets, the three affected law enforcement agencies received modest federal financial assistance. The Little Rock Police Department got 1% of its budget covered by federal dollars; the North Little Rock Police Department got .001%; and the Arkansas State Police got 2%. Yes, the United States acknowledges, but law enforcement, it continues, is a cooperative endeavor, and the United States has a substantial interest in law enforcement throughout our nation.

The Court is persuaded that 18 U.S.C. § 844(f)(1) is constitutional as applied to Lung'aho. *Sabri*, 326 F.3d at 949. Under the Spending Clause, Congress has the power to send federal resources to state and local agencies such as police departments to provide for the general welfare, and it has the right to protect those resources from being destroyed by fire or explosives. *Ibid.* That much is common ground. The disputed question is whether criminalizing the destruction of any property that happens to be owned by these agencies "is an appropriate means plainly adapted to achieving Congress's end." *Ibid.* Settled Eighth Circuit precedent therefore sets the bar low. *Sabri*, 326 F.3d at 951. The United States clears it.

Lung'aho also argues that § 844(f)(1) could be construed narrowly and sustained: It is, he says, constitutional if limited to federal property, property purchased with federal funds, or property owned by agencies or organizations that receive almost all their funding from the federal government. But the Court of Appeals has rejected this type of argument, concluding that such statutes need not be narrowly construed to withstand challenge. *Sabri*, 326 F.3d at 951-953.

Lung'aho also points out that § 844(f)(1) lacks threshold requirements. See his example of the torched trash can. But a concern about potential overbreadth does not render the statute unconstitutional as applied against Lung'aho. Section 844(f)(1) is not completely without limiting conditions. It does not apply to any organization that has ever received federal funds, for example, but rather only those organizations that were receiving federal assistance when the property was damaged or destroyed. More importantly, Lung'aho is not accused of setting a trash can on fire. He's accused of destroying two police cars with Molotov cocktails and trying to burn another one up. The arson statute is constitutional as applied to him.

**3. Destructive Device Counts.** 18 U.S.C. § 924(c)(1)(B) prescribes a thirty-year mandatory minimum sentence for using a destructive device during a crime of violence. The statute defines a crime of violence as a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property

of another." 18 U.S.C. § 924(c)(3)(A). The issue here is whether the federal arson statute satisfies that definition. Surprisingly, it does not. Here's why.

Courts use the categorical approach to determine whether an offense qualifies as a crime of violence. *United States v. Taylor*, 142 S. Ct. 2015, 2020 (2022). The facts of the case do not make any legal difference. *United States v. Boose*, 739 F.3d 1185, 1186 (8th Cir. 2014). The only question is whether the offense always requires that the government prove—as an element of its case in chief—the use, attempted use, or threatened use of force against the person or property of another. *Ibid.* If someone could be convicted of the crime without having used force, having attempted to use force, or having threatened to use force, then the offense is not a crime of violence—regardless of what the defendant actually did.

The Supreme Court recently held that offenses criminalizing reckless conduct do not qualify as violent felonies for the purposes of the Armed Career Criminal Act. *Borden v. United States*, 141 S. Ct. 1817, 1825 (2021) (plurality opinion construing 18 U.S.C. § 924(e)(2)(B)(i)). The Court reasoned that the statute's definition of a violent felony, which is essentially the same as a crime of violence, required that the offender direct or target his actions against another person. Reckless conduct does not qualify. The Court reserved the question of whether

crimes involving extreme recklessness or a "depraved heart" fit the definition. *Borden*, 141 S. Ct. at 1825 n.4.

A defendant must act "maliciously" to violate § 844(f)(1). The statute does not define that term. At common law, a person "acts maliciously if she acts intentionally or with willful disregard of the likelihood that damage or injury will result." *United States v. Sweet*, 985 F.2d 443, 445 (8th Cir. 1993). That definition is included in Eighth Circuit Model Criminal Jury Instruction § 6.18.844 (2021), which the Court of Appeals has cited in passing with approval. *United States v. Scharber*, 772 F.3d 1147, 1150 (8th Cir. 2014). Lungaho argues that this definition of maliciousness includes ordinary recklessness. The United States responds that it requires an intent more akin to extreme recklessness or depraved-heart recklessness.

Lung'aho has the better argument. The Tenth Circuit and at least two district courts have interpreted this definition, and all have held that a *mens rea* of recklessness meets it. *United States v. Wiktor*, 146 F.3d 815, 818 (10th Cir. 1998); *Rudolph v. United States*, 551 F. Supp. 3d 1270, 1284 (N.D. Ala. 2021); *United States v. Sweatt*, 2021 WL 3022695, at *5 (D. Md. 16 July 2021). In an appeal of the case against one of the Boston Marathon bombers, for example, the parties did not even dispute that this definition of "maliciously" included reckless acts. *United States v. Tsarnaev*, 968 F.3d 24, 101 (1st Cir. 2020), *reversed on other grounds*, 142 S. Ct. 1024 (2022). The United States has provided no

authority supporting its argument that the looser part of the definition—willful disregard of the likelihood that damage or injury would result—does not include reckless conduct, and the Court is not aware of any. Extreme recklessness requires more targeting, a stronger intentionality than what is required to obtain a conviction under § 844(f)(1). *See, e.g., Alvarado-Linares v. United States*, 44 F.4th 1334, 1344-45 (11th Cir. 2022); *United States v. Begay*, 33 F.4th 1081, 1093-95 (9th Cir. 2022); *United States v. Baez-Martinez*, 950 F.3d 119, 128-29 (1st Cir. 2020). Under the categorical approach, federal arson is not a crime of violence.

At least one court has avoided reaching this rather confounding result with an information-providing verdict form. As in this case, the defendant was charged with violating § 844(f) and § 924(c), with the arson charge serving as the predicate offense for the destructive-device count. *Elliott v. United States*, 2022 WL 2759168, at *1 (D. Wyo. 14 July 2022). The District Court decided before trial that acting maliciously included both intentional and reckless behavior. 2022 WL 2759168, at *13. But the Court refused to apply the categorical approach "blindly." 2022 WL 2759168, at *11-13. Instead, the Court tailored the verdict form: the jury could only find the defendant guilty on the § 924(c) count if it first found him guilty on the arson count and specifically found that the defendant acted intentionally. *Ibid.* The jury made the required findings and rendered a guilty verdict.

The defendant challenged this protocol in a *habeas* petition, lost, and has appealed. That appeal is pending before the Tenth Circuit.

The *Elliot* Court's approach makes good sense. If followed here, it would eliminate any potential error about Lung'aho's state of mind, eliminating the possibility of a conviction based on less than extreme recklessness or recklessness motivated by a depraved heart. But the Supreme Court has held—unequivocally—that § 924(c)'s text requires using the categorical approach to determine if a predicate offense in a pending prosecution qualifies as a crime of violence. *United States v. Davis*, 139 S. Ct. 2319, 2327-28 (2019); *see also Taylor*, 142 S. Ct. at 2020. This Court cannot avoid that precedent with a verdict form that lifts the veil of ignorance prescribed by the categorical approach. The § 924(c) counts therefore must be dismissed.

* * *

Lungaho's motion to dismiss, *Doc. 164*, is partly granted and partly denied. The Court dismisses counts three, eight, and twelve of the Superseding Indictment. The remainder of Lung'aho's motion is denied.

So Ordered.

D.P. Marshall Jr.
United States District Judge

18 October 2022