# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-3168          4:20-cr-00288-01-DPM
_____

United States of America

*Plaintiff - Appellant*

v.

Mujera Benjamin Lung'aho

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central

_____

Submitted: March 14, 2023
Filed: July 6, 2023

_____

Before SHEPHERD, ERICKSON, and STRAS, Circuit Judges.

_____

STRAS, Circuit Judge.

The issue before us is whether arson is a "crime of violence" under 18 U.S.C. § 924(c)(1)(A). We agree with the district court[1] that it is not.

---

[1]The Honorable D. Price Marshall, Jr., Chief Judge, United States District Court for the Eastern District of Arkansas.

I.

Mujera Lung'aho was angry after the death of George Floyd. The government claims that he and his friends channeled their anger into destroying as much police property as possible. In addition to slashing tires and breaking windows, they threw Molotov cocktails at three police cars.

Lung'aho now faces 13 federal charges. Included among them are three counts of arson: "*maliciously* damag[ing] or destroy[ing]," by "fire or an explosive," a "vehicle . . . owned or possessed by . . . an[] institution or organization receiving" federal funding. 18 U.S.C. § 844(f)(1) (emphasis added); *see Jones v. United States*, 529 U.S. 848, 850 (2000) (calling 18 U.S.C. § 844 an "arson" statute).

The arson charges are also the driving force behind three counts of possessing a "destructive device," 18 U.S.C. § 924(c)(1)(B)(ii), in connection with a "crime of violence," *id.* § 924(c)(1)(A). Under the government's theory, the Molotov cocktails were the destructive devices, and the three counts of arson were the crimes of violence.

Lung'aho's position is that arson is not a "crime of violence." *Id.* If it can be committed recklessly, as he believes, then it does not necessarily involve the "use of physical force against the person or property of another." *Id.* § 924(c)(3)(A); *see Borden v. United States*, 141 S. Ct. 1817, 1825 (2021) (plurality opinion). And in the absence of that element, there is no "crime of violence." 18 U.S.C. § 924(c)(3)(A).

Following that logic, the district court dismissed the three destructive-device counts. The government has filed an interlocutory appeal with the hope of reinstating them. *See id.* § 3731 (granting an immediate appeal to "the United States" from the dismissal of "any one or more counts" in an indictment). Our

review is de novo. *See United States v. Schneider*, 905 F.3d 1088, 1090 (8th Cir. 2018).

## II.

Under the destructive-device statute, a "crime of violence" comes in only one form.[2] It must have "as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). Better known as the "force" or "elements" clause, it requires us to examine the definition of the crime alone, not a defendant's "real-world" conduct. *Mathis v. United States*, 579 U.S. 500, 504 (2016) (explaining how "real-world" facts are basically irrelevant). We call the comparison of "elements" required in these circumstances the "categorical approach." *Id.*

Using the categorical approach, our task is to determine whether the legal definition of arson necessarily has, as an element, the "use of physical force" against the person or property of another. *Schneider*, 905 F.3d at 1090. In a recent case, the Supreme Court told us that any crime that can be committed recklessly does not. *See United States v. Hoxworth*, 11 F.4th 693, 695–96 (8th Cir. 2021) (summarizing the holding of *Borden v. United States*, 141 S. Ct. 1817 (2021)). To take a simple example, the crime of running over a pedestrian the driver knows is right in front of him would still count, but one for recklessly hitting a pedestrian while texting would not.

---

[2]The statute actually lists two, but the Supreme Court declared the other one—a felony that "involves a substantial risk that physical force against the person or property of another may be used"—unconstitutionally vague. 18 U.S.C. § 924(c)(3)(B); *see United States v. Davis*, 139 S. Ct. 2319, 2336 (2019). And unlike other similar provisions, *see* 18 U.S.C. § 924(e)(2)(B), there is no list of qualifying enumerated offenses, *see id.* § 924(c)(3).

-3-

A.

This simple example reflects the parties' differing views on the federal arson statute. The government thinks, on the one hand, it requires at least knowledge: the offender must *know* that starting a "fire" or using "an explosive" will "damage[] or destroy[] . . . any building, vehicle, or other personal or real property . . . owned or possessed by . . . any institution or organization receiving Federal financial assistance." 18 U.S.C. § 844(f)(1). Lung'aho views the statute differently. From his perspective, it requires recklessness at most: a *conscious disregard* of the possibility one of these items will be "damage[d]" or "destroy[ed]" by "fire" or use of "an explosive." *Id.* It turns out that the mental state lies somewhere in between.

The statute uses the word "maliciously." *Id.* The words "malice" and "maliciously" appear in numerous federal criminal statutes, *see, e.g.*, *id.* §§ 35(b), 844(f)(1), 1111(a), but Congress has not defined either term. Fortunately for us, the word "malice" has been used to describe the mental state of various crimes for hundreds of years. *See* 3 E. Coke, *Institutes of the Laws of England* 47, 66 (1644) (defining murder and arson); *see also United States v. Smith*, 18 U.S. (5 Wheat.) 153, 160 (1820) (describing the role of "malice" in common-law murder); 1 Wayne R. LaFave, *Substantive Criminal Law*, § 5.1(a), at 447 (3d ed. 2018) (explaining that "murder" and "arson" shared the mental state of "maliciously" at common law). In those circumstances, when an undefined statutory term has a definite common-law meaning, we can "imput[e]" that meaning into a modern-day statute under the imputed common-law meaning canon. *Carter v. United States*, 530 U.S. 255, 264–65 (2000); *see* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 320–21 (2012) (explaining how it works). Federal criminal statutes are no exception. *See United States v. Sweet*, 985 F.2d 443, 445 (8th Cir. 1993) (using the common law to define the word "maliciously" in 18 U.S.C. § 35(b), which prohibits the conveyance of false information about potential crimes).

When used in defining a crime, a word like "malice" or "malicious" has long described a state of mind requiring intentionality or a "willful disregard of [a]

-4-

likelihood" of harm. *Id.* (citation omitted). Imputing that meaning here sheds light on the mental state required to commit arson: an offender must have used "fire" or "an explosive" to "damage[]" or "destroy[]" the specified property, 18 U.S.C. § 844(f)(1), with *at least* a "willful disregard of the *likelihood*" that the "damage[]" or "destr[uction]" would happen, *United States v. Gullett*, 75 F.3d 941, 947 (4th Cir. 1996) (emphasis added) (citing *Sweet*, 985 F.2d at 445)).

Malice is close to recklessness, except for one subtle difference. A reckless act involves "consciously disregard[ing] a substantial and unjustified risk," but unlike a malicious one, the "risk need not come *anywhere close to a likelihood*." *Borden*, 141 S. Ct. at 1824 (plurality opinion) (emphasis added) (citation omitted). To put it in simpler terms, an action that has a 3% chance of harming someone, like shooting a gun straight up in the air in a crowded park, might be reckless, *see* 1 LaFave, *supra*, § 5.4(f), at 507, but such a low probability of harm would fail to satisfy the "very high degree of risk" required by malice, 2 LaFave, *supra*, § 14.4(a), at 593. Malice may be close to recklessness, but it is not the same.

Nor does it rise to the level of knowledge, which requires an "aware[ness] that [a] result is *practically certain* to follow from . . . conduct." *United States v. Bailey*, 444 U.S. 394, 404 (1980) (quotation marks omitted). To extend the above example, someone who fires a gun *directly* into a group of people huddled together in a park has acted knowingly, practically certain that someone in the group will be seriously injured, if not killed.

To sum up, the differences between recklessness, malice, and knowledge come down to a sliding scale of probabilities. From "substantial and unjustified" (recklessness), *Borden*, 141 S. Ct. at 1831 (plurality opinion), to a "likelihood" (malice), *Sweet*, 985 F.2d at 445, to "practical certainty" (knowledge), *Bailey*, 444 U.S. at 404 (citation omitted), each requires more risk and culpability than the last. In many cases, there may be "little difference" between these mental states. *United States v. Whaley*, 552 F.3d 904, 907 (8th Cir. 2009). But little does not mean none, especially in the topsy-turvy world of the categorical approach.

The Supreme Court saw this difficulty coming in *Borden*. It recognized that criminal statutes use a variety of mental states, some situated "between recklessness and knowledge," and reserved whether they could satisfy the force clause. *Borden*, 141 S. Ct. at 1825 n.4 (plurality opinion). State-of-mind requirements like "depraved heart[,] . . . extreme recklessness," *id.*, and malice require the government to prove that the defendant has ignored a "likelihood" of harm, *Whaley*, 552 F.3d at 907. And post-*Borden*, they have generated disagreement about which, if any, satisfy the force clause. *Compare United States v. Harrison*, 54 F.4th 884, 890 (6th Cir. 2022) (holding that actions reflecting "an extreme indifference to human life" were enough to satisfy the force clause (citation omitted)), *with United States v. Begay*, 33 F.4th 1081, 1102–03 (9th Cir. 2022) (en banc) (Ikuta, J., dissenting in part) (arguing that crimes requiring extreme recklessness do not). This case requires us to pick a side.

### B.

Although *Borden* does not address what happens in the case of these in-between mental states, its reasoning points us to the right answer. Five Justices agreed that the force clause "categorically excludes crimes that can be committed recklessly." *Hoxworth*, 11 F.4th at 695 (summarizing *Borden*'s holding). The four in the plurality focused on the meaning of the word "against," *Borden*, 141 S. Ct. at 1825–26, while Justice Thomas analyzed what it means to "use . . . physical force," *id.* at 1835 (Thomas, J., concurring in the judgment). What the two approaches have in common reveals that malice does not satisfy the force clause either.

### 1.

Start with the plurality's analysis. *See Borden*, 141 S. Ct. at 1825–26. In its view, to use physical force "against" another, the offender must be "in opposition to" the victim or the victim's property. *Id.* at 1826 (brackets omitted) (quoting *Webster's New International Dictionary* 46 (2d ed. 1957)). For example, a "general deploy[ing] his forces *against* a rival regiment" or a "chess master play[ing] the

-6-

Queen's Gambit *against* her opponent." *Id.* at 1825 (emphases added). What is required, in other words, is "targeting": the conduct must be "consciously directed" at someone or something. *Id.* at 1826.

Arson, at least as 18 U.S.C. § 844(f)(1) defines it, is missing this element. Recall that acting "maliciously" under the statute requires an act in "willful disregard of the likelihood" that property with a federal connection will be damaged or destroyed. *Whaley,* 552 F.3d at 907. A conscious decision to ignore a risk of harm is different from intending it. Although malice involves a higher level of risk than recklessness, the two share a common trait: neither requires actors to "consciously direct[]" their acts towards a specific person or property. *Borden*, 141 S. Ct. at 1823–24, 1826–27 (plurality opinion) (explaining that the word "against" incorporates "an intent requirement").

Even consciously disregarding a high risk of harm does not *necessarily* involve "targeting." *Id.* at 1826. Take an example from oral argument. A man plans to visit a national park and set off fireworks to celebrate the Fourth of July. The only problem is that there is an extreme forest-fire warning. Despite the high risk involved, he decides to go forward with his plan anyway, knowing that there is a good chance—say 60%—that he will burn down a nearby park-ranger station. Sure enough, the fireworks spark a massive fire that consumes it.

On these facts, no one would say that the man "targeted" the ranger station. *Id.* He "consciously directed" his attention to the fireworks he was planning to set off, not the nearby ranger station he placed in danger. *Id.* Using the plurality's terminology, it became the "mere recipient of force." *Id.* at 1825. Nothing more, nothing less.

Yet the man also did enough to complete the crime of arson. He "maliciously" destroyed a federally owned building "by means of fire or an explosive." 18 U.S.C. § 844(f)(1). The point is that, under the plurality's reasoning, not all burnings committed "maliciously," *id.*, necessarily involve the "use of physical force *against*

the . . . property of another," *id.* § 924(c)(3)(A) (emphasis added). It follows that arson is not a "crime of violence." *Id.*

2.

Justice Thomas's concurrence is even clearer on this point. Rather than focusing on what the word "against" requires, like the plurality did, his concurrence analyzes the meaning of the phrase, "use of physical force." *Borden*, 141 S. Ct. at 1835 (Thomas, J., concurring in the judgment). Echoing the imputed common-law meaning canon, he says it has a "well-understood meaning" that requires an "intentional act[] designed to cause harm." *Id.* (quoting *Voisine v. United States*, 579 U.S. 686, 713 (2016) (Thomas, J., dissenting)). If anything, his interpretation of the force clause may be more stringent than the plurality's.[3]

Take the fireworks hypothetical. The man was able to commit arson under 18 U.S.C. § 844(f)(1) without an "intentional act[] *designed to cause harm*." *Id.* (emphasis added) (citation omitted). The "design[]" of the act was to celebrate Independence Day through a fireworks display. *Id.* He neither set out to cause harm or was "practical[ly] certain[]" it would happen. *Voisine*, 579 U.S. at 711 (Thomas, J., dissenting); *see Borden*, 141 S. Ct. at 1823–24 (plurality opinion) (explaining that either of these states of mind would satisfy the force clause).

It is no doubt true that the man intended to shoot off fireworks in the hypothetical. But what matters under the arson statute is whether he willfully disregarded a likelihood of "damage[] or destr[uction]." 18 U.S.C. § 844(f)(1); *see*

---

[3] If we tried to determine which "position" is controlling, the plurality opinion would likely be the "narrowest." *Marks v. United States*, 430 U.S. 188, 193 (1977) ("When a fragmented Court decides a case and no single rationale explaining the result enjoys the assent of five Justices, the holding of the Court may be viewed as that position taken by those Members who concurred in the judgments on the narrowest grounds." (quotation marks omitted)). We need not definitively say, however, because a crime requiring malice does not satisfy the force clause no matter which of the two approaches we follow.

*Whaley*, 552 F.3d at 907. After all, understanding that the act was likely to harm federal property is what made setting the fire "malicious[]" in the first place. 18 U.S.C. § 844(f)(1).

Justice Thomas's result-oriented approach to the force clause is similar. In his view, the "use of physical force" requires a "design[] to cause harm." *Borden*, 141 S. Ct. at 1835 (Thomas, J., concurring in the judgment) (citation omitted); *see Voisine*, 579 U.S. at 700 (Thomas, J., dissenting) (explaining that "[t]o 'use' something . . . is an inherently intentional act—that is, an act done for the purpose of causing certain consequences or at least with knowledge that those consequences will ensue").

A "comparison of elements" reveals a mismatch. *Mathis*, 579 U.S. at 504. The malice required by the arson statute is a willful disregard of a likelihood of harm, but the minimum mental state under Justice Thomas's interpretation of the force clause is at least knowledge, if not purpose. *See Borden*, 141 S. Ct. at 1835 (Thomas, J., concurring in the judgment). We know that malice falls short of both, so arson is not a "crime of violence" under Justice Thomas's approach either. 18 U.S.C. § 924(c)(3)(A).

\*    \*    \*

Any way you slice it, the reasoning in *Borden*—whether from the plurality or Justice Thomas—rejects the approach that the government asks us to accept today. *See Borden*, 141 S. Ct. at 1825 (plurality opinion); *id.* at 1834–35 (Thomas, J., concurring in the judgment). Consciously creating a "likelihood" of harm to property does not satisfy the force clause, despite the high risk involved. *Whaley*, 552 F.3d at 907. In short, the arson counts, *see* 18 U.S.C. § 844(f)(1), cannot support

the charges for using a "destructive device," *id.* § 924(c)(1)(B)(ii), in connection with a "crime of violence," *id.* § 924(c)(1)(A).[4]

### III.

We accordingly affirm the judgment of the district court.

_____

---

[4]Given our conclusion, we need not address whether the arson statute is overbroad because it purportedly criminalizes the burning and destruction of one's own property.

# United States Court of Appeals
*For The Eighth Circuit*

Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
**St. Louis, Missouri 63102**

**Michael E. Gans**
*Clerk of Court*

VOICE (314) 244-2400
FAX (314) 244-2780
www.ca8.uscourts.gov

July 06, 2023

Mr. Michael Kiel Kaiser
LASSITER & CASSINELLI
Suite 800
1218 W. Sixth Street
Little Rock, AR  72201-0000

RE:  22-3168  United States v. Mujera Lung'aho

Dear Counsel:

The court has issued an opinion in this case. Judgment has been entered in accordance with the opinion.

Please review Federal Rules of Appellate Procedure and the Eighth Circuit Rules on post-submission procedure to ensure that any contemplated filing is timely and in compliance with the rules. Note particularly that petitions for rehearing and petitions for rehearing en banc must be received in the clerk's office within 14 days of the date of the entry of judgment. Counsel-filed petitions must be filed electronically in CM/ECF. Paper copies are not required. Except as provided by Rule 25(a)(2)(iii) of the Federal Rules of Appellate Procedure, no grace period for mailing is allowed. Any petition for rehearing or petition for rehearing en banc which is not received within the 14 day period for filing permitted by FRAP 40 may be denied as untimely.

Michael E. Gans
Clerk of Court

JJB

Enclosure(s)

cc: Ms.  Clerk, U.S. District Court, Eastern District of Arkansas
    Mujera Benjamin Lung'aho
    Mr. John Ray White
    Ms. Stacy Rachelle Williams

District Court/Agency Case Number(s):   4:20-cr-00288-DPM-1

# United States Court of Appeals
*For The Eighth Circuit*
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
**St. Louis, Missouri 63102**

**Michael E. Gans**
*Clerk of Court*

VOICE (314) 244-2400
FAX (314) 244-2780
www.ca8.uscourts.gov

July 06, 2023

West Publishing
Opinions Clerk
610 Opperman Drive
Building D D4-40
Eagan, MN 55123-0000

RE: 22-3168  United States v. Mujera Lung'aho

Dear Sir or Madam:

A published opinion was filed today in the above case.

Counsel who presented argument on behalf of the appellant was John Ray White, AUSA, of Little Rock, AR. Counsel who appeared on the appellant's brief was John Ray White, AUSA, and Stacy R. Williams, AUSA, both of Little Rock, AR.

Counsel who presented argument on behalf of the appellee and also appeared on the brief was Michael Kiel Kaiser, of Little Rock, AR.

The judge who heard the case in the district court was Honorable D. Price Marshall.

If you have any questions concerning this case, please call this office.

Michael E. Gans
Clerk of Court

JJB

Enclosure(s)

cc:  MO Lawyers Weekly

District Court/Agency Case Number(s):   4:20-cr-00288-DPM-1

# Forrest Dunn

| | |
|---|---|
| **From:** | ca08ml_cmecf_Notify@ca8.uscourts.gov |
| **Sent:** | Thursday, July 6, 2023 10:00 AM |
| **Subject:** | 22-3168 United States v. Mujera Lung'aho "signed opinion filed" (4:20-cr-00288-DPM-1) |

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.

## Eighth Circuit Court of Appeals

**Notice of Docket Activity**

The following transaction was filed on 07/06/2023

**Case Name:** United States v. Mujera Lung'aho
**Case Number:** 22-3168
**Document(s):** Document(s)

**Docket Text:**
OPINION FILED - THE COURT: Bobby E. Shepherd, Ralph R. Erickson and David R. Stras
AUTHORING JUDGE:David R. Stras (PUBLISHED) [5292809] [22-3168]--[Edited 07/06/2023 by JJB] Adding publisher's group letter. (Jenn Baker)

**Notice will be electronically mailed to:**

Mr. John Ray White, Assistant U.S. Attorney: John.White2@usdoj.gov, tavia.douthard@usdoj.gov, caseview.ecf@usdoj.gov, stephanie.mazzanti@usdoj.gov, john.webster@usdoj.gov, leslie.bright@usdoj.gov
Ms. Stacy Rachelle Williams, Assistant U.S. Attorney: Stacy.Williams@usdoj.gov, corey.taylor@usdoj.gov
Mr. Michael Kiel Kaiser: michael@lcarklaw.com, andrea@lcarklaw.com, teresa@lcarklaw.com
Ms. Clerk, U.S. District Court, Eastern District of Arkansas, Clerk of Court: ared_appeals@ared.uscourts.gov
West Publishing: us.coa.8@content.thomsonreuters.com
MO Lawyers Weekly: michaelh@mesjassociates.com, slauck@molawyersmedia.com

**Notice will be mailed to:**

Mujera Benjamin Lung'aho
GREENE COUNTY DETENTION CENTER
1809 N. Rocking Chair Road
Paragould, AR 72450

The following document(s) are associated with this transaction:
**Document Description:** Counsel Opinion Letter
**Original Filename:** /opt/ACECF/live/forms/JennBaker_223168_5292809_CounselOpinionLetters_285.pdf

**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1105112566 [Date=07/06/2023] [FileNumber=5292809-1]
[c008d0cbfdfbead956d5b134a2942da9ddf97051b482a3e21ab04622211017937624b2b6c12ecf25c5a290633afc6f32853
762e4aed7097c3d7517f10d1cb778]]
**Recipients:**

- Ms. Clerk, U.S. District Court, Eastern District of Arkansas, Clerk of Court
- Mr. Michael Kiel Kaiser
- Mujera Benjamin Lung'aho
- Mr. John Ray White, Assistant U.S. Attorney
- Ms. Stacy Rachelle Williams, Assistant U.S. Attorney

**Document Description:** Letter To Publishing
**Original Filename:** /opt/ACECF/live/forms/JennBaker_223168_5292809_LettersToPublishing_284.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1105112566 [Date=07/06/2023] [FileNumber=5292809-2]
[391ec0d3149c9bb8a3c34cd314bb3674b1747493d817361964a48f6edd6edabb1db786ad86e4650cea95b7cd362293eb8
66a76515ad03f1a3895370a1efb87fc]]
**Recipients:**

- MO Lawyers Weekly
- West Publishing

**Document Description:** Published Opinion
**Original Filename:** 223168P.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1105112566 [Date=07/06/2023] [FileNumber=5292809-0]
[c777b39aa76681f39d6118fbfe32eadaa31ecc215e42933500cc627150720597232198726fc4670fc23bb94b2f345771034
a9c44983b074c5b02e6cabf780f29]]

The following information is for the use of court personnel:


**DOCKET ENTRY ID:** 5292809
**RELIEF(S) DOCKETED:**
  for publication
**DOCKET PART(S) ADDED:** 7309697, 7309698, 7309699