U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
**FILED**
AUG 2 3 2023
IN OPEN COURT
TAMMY H. DOWNS
By:_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA )
)
v. ) No. 4:20CR00288-DPM-01
)
MUJERA BENJAMIN LUNG'AHO )

## PLEA AGREEMENT

The United States Attorney for the Eastern District of Arkansas, Jonathan D. Ross, by and through John Ray White, Assistant United States Attorney, and Mujera B. Lung'aho, the defendant, represented by the undersigned counsel, hereby agree to the following terms and conditions in connection with the above referenced proceedings.

1. **GUILTY PLEA:** The defendant will enter a conditional plea of guilty to one count of maliciously destroying, by means of fire, law enforcement vehicles, a violation of Title 18, United States Code, Section 844(f)(1), as set forth in Count Eleven of the Superseding Indictment. The United States agrees to move for dismissal of the remaining counts against the defendant in this matter upon acceptance of the guilty plea. This is a Federal Rule of Criminal Procedure 11(a)(2), (c)(1)(A), (B) plea agreement.

2. **ELEMENTS OF THE CRIME:** The parties agree the elements of the offense to which the defendant will plead guilty are:

    A. The defendant maliciously damaged, destroyed, or attempted to damage or destroy;

    B. a building, vehicle, or other personal or real property;

    C. by means of fire or an explosive; and

D. the property was, in whole or in part owned or possessed by, or leased to, the United States or any department or agency thereof, or any institution or organization receiving Federal financial assistance.

The defendant agrees that he is guilty of the offense charged and that each of these elements is true. The defendant's admission as to the element set forth in paragraph 2.D. is not intended to waive the defendant's arguments relating to the conditional appeal.

3. **PENALTIES:**

   A. STATUTORY PENALTIES: The penalty for the charge set forth in Count Eleven is not less than five years' and not more than twenty years' imprisonment, a fine of not more than $250,000, not more than three years' supervised release, and a $100 special assessment.

   B. SUPERVISED RELEASE: Supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, the defendant may be returned to prison for all or part of the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

4. **WAIVERS**: The defendant acknowledges that he/she has been advised of and fully understands the nature of the charges to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law. The defendant further understands that by entering into this Agreement and Addendum, he/she is waiving certain constitutional rights, including, without limitation, the following:

   A. The right to appeal or collaterally attack, to the full extent of the law, all non-jurisdictional issues, including any forfeiture or restitution order, as follows:

(1) the defendant waives the right to appeal all non-jurisdictional issues including, but not limited to, any issues relating to pre-trial motions, hearings and discovery and any issues relating to the negotiation, taking or acceptance of the guilty plea or the factual basis for the plea, including the sentence imposed or any issues that relate to the establishment of the Guideline range, except that the defendant reserves the right to appeal claims of prosecutorial misconduct and the defendant reserves the limited right to appeal the substantive reasonableness of the sentence of imprisonment if the sentence is above the Guideline range that is established at sentencing and if the defendant makes a contemporaneous objection;

(2) the defendant reserves the right to appeal the district court's ruling that 18 U.S.C. § 844(f)(1) is constitutional as applied to his case, as set forth in Doc. 246, denying his motion to dismiss Counts 1, 2, 6, 7, 10 and 11 of the superseding indictment;

(3) the defendant expressly acknowledges and agrees that the United States reserves its right to appeal the defendant's sentence under Title 18, United States Code, Section 3742(b) and *United States v. Booker*, 543 U.S. 220 (2005);

(4) the defendant waives all rights to collaterally attack the conviction and sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims based on ineffective assistance of counsel or prosecutorial misconduct;

(5) the defendant waives the right to have the sentence modified pursuant to Title 18, United States Code, Section 3582(c)(2);

(6) the defendant waives the right to appeal the Court's determination of the amount of restitution and subsequent restitution order, if any; and

    (7) the defendant waives the right to appeal the Court's determination of any forfeiture issues and subsequent forfeiture order, if any.

  B. The right to plead not guilty or to persist in that plea if it has already been made, and the right to a speedy and public trial before a jury;

  C. The right to be presumed innocent and to have the burden of proof placed on the United States to establish guilt beyond a reasonable doubt;

  D. The right to confront and cross examine witnesses;

  E. The right to testify in his/her own behalf if the defendant so chooses, or, the right to remain silent and not be compelled to testify, and to have that choice not used against the defendant; and

  F. The right to call witnesses and to require those witnesses to appear by issuing subpoenas.

  G. Pursuant to Federal Rule of Criminal Procedure 11(b)(1)(O), the defendant understands that upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

  5. **STIPULATIONS:** The United States and the defendant stipulate to the following:

  A. The parties agree that the statutory minimum sentence for the crime charged in Count Eleven is five years' imprisonment. The United States agrees not to seek a sentence greater than 84 months' imprisonment.

  B. The parties agree that the base offense level shall be calculated pursuant to U.S.S.G. §2K1.4.

  C. The parties agree to recommend that the offense level be increased by only three levels under U.S.S.G. 3B1.1(b).

D. The defendant is eligible for a two-level reduction for acceptance of responsibility unless the defendant takes any action between the entry of the guilty plea and imposition of the sentence that is inconsistent with acceptance of responsibility, including illegal drug use. If the offense level is 16 or greater, the determination of whether the defendant is eligible for a third level reduction for acceptance of responsibility will be made by the United States at the time of sentencing.

E. The parties stipulate that no other enhancements or reductions under Section 2K1.4, Chapter 3, or Chapter 5 of the Guidelines apply, other than those specifically set out in this Agreement and its Addendum.

F. The defendant stipulates that the following facts are true:

On or about August 26, 2020, after a protest at the 12th Street Little Rock Police Department Substation, the defendant and four others met to discuss direct action protesting. They traveled to the 12th Street Substation where patrol vehicle windows were broken and some tires were slashed and, according to surveillance video, at approximately 2:30 a.m. one Molotov cocktail was lit but burned out as it was being thrown over the fence.

On the night of August 27, 2020, the defendant and several others met together and made plans to discuss direct action protesting. Between 3 and 4 a.m. on August 28, 2020, the group drove to the Arkansas State Police (ASP) Headquarters located at 1 State Police Plaza Drive in Little Rock, where multiple ASP tires were slashed and two Molotov Cocktails were thrown, one of which did not explode and one exploded setting an ASP Tahoe on fire resulting in the complete destruction of the vehicle.

On or about September 3, 2020, the defendant and others went to the Rose City Police station in North Little Rock and threw a Molotov cocktail at a North Little Rock Patrol vehicle and

destroyed it. The Molotov cocktail used to destroy the patrol car was made of a Stella Artois bottle and bed sheets, which were the same materials used in the attempted destruction of a patrol car in Little Rock on August 26, 2020. The fire was first observed by officers at approximately 3:20 a.m. An image, taken at approximately 3:10 a.m., of the burning patrol car was found on Mr. Lung'aho's phone.

By stipulation and agreed exhibits, the parties acknowledge the material facts about the federal financial assistance received by each of the law enforcement agencies whose property was targeted as described in Counts 1, 2, 6, 7, 10 and 11 of the Superseding Indictment. Federal dollars did not directly pay for any of these vehicles. Each agency received some federal financial assistance during the relevant years.

- The Little Rock Police Department participates in the Edward Byrne Memorial Justice Assistance Grant Program, the leading source of federal criminal justice funding to state and local governments. The Department received $280,392 in funding from this program in the four years between 2017 and 2021. In 2020, the Department also received a federal grant for $786,845 in COVID emergency supplemental funding and a Project Safe Neighborhoods Award for $46,123. The Department's annual budget was approximately $80 million in 2020.

- From 2017 to 2020, the North Little Rock Police Department received approximately $40,000 each year from the same program. The Department also received $132,168 in COVID emergency relief funds in 2020. The Department's 2020 budget was approximately $24 million.

- In the three years between 2017 and 2020, the Arkansas State Police received federal grants totaling approximately $10 million. The State Police's budget was more than $123 million in 2020.

G. The defendant specifically waives any and all challenges to the searches, seizures, arrests, statements, and forfeitures that have taken place as of the date of the execution of this plea agreement by the defendant in this investigation by any entity, and in any forum where the offense may be pursued and/or forfeiture may be sought. Defendant will assist in executing any requested waiver of challenge and relinquishment of rights to any and all assets that have been

seized to date in this investigation by any participating agency or department, in any forum where the forfeiture may be sought.

        H.     The parties understand that the Court is not bound by these stipulations. The defendant further understands that if the Court does not accept this Plea Agreement, then the defendant is not entitled to withdraw the guilty plea or otherwise be released from defendant's obligations under this Agreement and Addendum.

    6.    **SENTENCING GUIDELINES:** It is specifically understood by the defendant that the Sentencing Guidelines are not mandatory but are advisory, and that the Court is to consult them in determining the appropriate sentence. The defendant understands that the determination of the applicability of the Guidelines and of the appropriate sentence will be made by the Court. The defendant is aware that any estimate of the probable sentencing range under the Sentencing Guidelines that the defendant may have received from the defendant's counsel, the United States, or the Probation Office, is merely a prediction, not a promise, and is not binding on the United States, the Probation Office, or the Court. The United States makes no promise or representation concerning what sentence the defendant will receive and the defendant cannot withdraw a guilty plea, or otherwise avoid the defendant's obligations under this Agreement and Addendum, based upon the actual sentence imposed by the Court. The parties understand and agree that if the guideline range is greater or less than the defendant or the United States expected it to be, and/or the sentence imposed by the Court is greater or lesser than anticipated, neither the defendant nor the United States will be allowed to withdraw, nor request withdrawal of, the guilty plea, nor be excused from any obligation under this Agreement and Addendum.

    7.    **ALLOCUTION:** The United States reserves the right to bring any and all facts which it believes are appropriate to the attention of the Court.

USAO-EDAR-2022

8. **COOPERATION IN THE SENTENCING PROCESS:**

   A.  The defendant agrees to truthfully provide all information to the Probation Office as is needed for preparation of the pre-sentence report, including, but not limited to, criminal history information. The defendant shall voluntarily provide a complete and truthful written accounting of the defendant's criminal history to the Probation Office.

   B.  The defendant agrees to execute all waivers necessary for the preparation of the pre-sentence report.

   C.  The defendant understands and acknowledges that the defendant's obligation of disclosure regarding criminal history is not limited to arrests and convictions reported in computer databases but requires the defendant to disclose all arrests and/or convictions, including any juvenile matters, regardless of whether the defendant believes the arrest/conviction counts under the Sentencing Guidelines.

   D.  The defendant is required to comply with these obligations no later than the expiration of the date on which objections to the pre-sentence report are due.

9. **FINANCIAL MATTERS:**

   A.  FINANCIAL STATEMENT: The defendant agrees to fully and truthfully complete a Financial Statement provided by the United States Probation Office.

   B.  FINES: The defendant understands that unless the Court determines that the defendant is financially unable to pay a fine, the Court must impose a fine pursuant to the Sentencing Reform Act of 1984.

   C.  SPECIAL PENALTY ASSESSMENT: The defendant agrees to pay to the United States a special assessment of $100.00 per count, as required by Title 18, United States Code, Section 3013. This special assessment is to be paid by bank cashier's check or money order

as directed by the Court prior to appearing for sentencing. Cashier's checks or money orders should be made payable to "Clerk, United States District Court." The defendant agrees to provide a receipt as evidence of fulfillment of this obligation at the time of sentencing.

D. RESTITUTION: The defendant acknowledges that restitution is mandatory pursuant to Title 18, United States Code, Section 3663A. The defendant agrees to the entry of an order of restitution for the full amount of the victims' losses, regardless of whether charges relating to such losses will be excluded or dismissed as part of this plea agreement. The defendant agrees that any financial obligation imposed by the Court, including a restitution order and/or implementation of a fine, is due and payable immediately. In the event the Court imposes a schedule for payment of restitution, the defendant agrees that such a schedule represents a minimum payment obligation and does not preclude the United States Attorney's Office from pursuing any other means by which to satisfy the defendant's full and immediately enforceable financial obligation. The defendant understands that the defendant has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court. The United States and the defendant agree that the amount of restitution payable by the defendant is not less than $86,099.37. The United States is aware that the following victims have suffered the following losses:

| VICTIM | LOSS AMOUNT |
|---|---|
| Arkansas State Police | $10,000.00 |
| Arkansas Insurance Department | $24,356.31 |
| Little Rock Police Department | $629.30 |

| | |
|---|---|
| North Little Rock Police Department | $2,100.00 |
| Arkansas Municipal League | $47,938.00 |
| Shannon Hills Police Department | $1,075.76 |
| **Total** | $86,099.37 |

The defendant agrees that the above listed restitution shall be joint and several with the co-defendants in this case.

  E.  FINANCIAL INFORMATION:  Within 10 days of the execution of this plea agreement, at the request of the USAO, the defendant agrees to execute and submit: (1) a Tax Information Authorization form; (2) an Authorization to Release Information; (3) a completed financial disclosure statement; and (4) copies of financial information that the defendant submits to the U.S. Probation Office. The defendant understands that compliance with these requests will be taken into account when the United States makes a recommendation to the Court regarding the defendant's acceptance of responsibility. The defendant expressly authorizes the United States Attorney's Office to obtain a credit report on him. The defendant agrees to provide waivers, consents or releases requested by the United States Attorney's Office to access records to verify the defendant's financial information. The defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), which occur prior to sentencing, within seven days of the event giving rise to the changed circumstances. Prior to sentencing, the defendant agrees to notify the Assistant United States Attorney and the Financial Litigation Unit of the United States Attorney's Office for the Eastern District of Arkansas before the defendant transfers any interest in property with a value exceeding $1,000 owned directly or indirectly,

individually or jointly, by the defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations. The defendant certifies that he has made no transfer of assets or property for the purpose of (1) evading financial obligations created by this Agreement; (2) evading obligations that may be imposed by the Court; nor (3) hindering efforts of the USAO to enforce such financial obligations. Moreover, the defendant promises that he will make no such transfers in the future.

10. **DOUBLE JEOPARDY AND SUCCESSIVE PROSECUTION**: The United States Attorney for the Eastern District of Arkansas will bring no further charges against the defendant for any acts or conduct arising out of the events described in the Superseding Indictment, which is the subject of this action, unless the defendant breaches this Agreement and Addendum.

11. **RECORDS**: The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. Section 552, or the Privacy Act of 1974, 5 U.S.C. Section 552a.

12. **ASSET FORFEITURE:** The parties agree that there is no property to forfeit in this case.

13. **CIVIL CLAIMS BY THE GOVERNMENT**: Except to the extent otherwise expressly specified herein, this Agreement and Addendum does not bar or compromise any civil or administrative claim pending or that may be made against the defendant, including but not limited to tax matters.

14. **EFFECT OF DEFENDANT'S BREACH OF PLEA AGREEMENT AND ADDENDUM**:

    A.    Defendant acknowledges and understands that if the defendant violates any term of this Agreement and Addendum, engages in any further criminal activity prior to sentencing, or fails to appear for any subsequent proceeding including sentencing, the United States shall have, in addition to all other rights and remedies otherwise available, the right to:

    (1)    terminate this Agreement and Addendum; or

    (2)    proceed with this Agreement and Addendum and

    (a)    deny any and all benefits to which the defendant would otherwise be entitled under the terms of this Agreement and Addendum; and/or

    (b)    advocate for any sentencing enhancement that may be appropriate.

    B.    In the event the United States elects to terminate this Agreement and Addendum, the United States shall be released from any and all obligations hereunder. The defendant acknowledges and understands that the agreement of the United States to dismiss any charge is conditioned upon final resolution of this matter. If this Agreement and Addendum is terminated or if the defendant's conviction ultimately is overturned, then the United States retains the right to reinstate any and all dismissed charges and to file any and all charges which were not filed because of this Agreement and Addendum.

    C.    The defendant hereby knowingly and voluntarily waives any defense based upon the applicable statute of limitations and/or the Speedy Trial Act, for any charges reinstated or otherwise filed against the defendant as a result of defendant's breach of this Agreement and

Addendum, so long as the United States initiates any otherwise time barred action within one year of termination or revocation of this Agreement and Addendum.

        D.    In the event that the Agreement and Addendum is terminated or if the defendant successfully moves to withdraw his/her plea, any statement made by the defendant in negotiation of, or in reliance on this Agreement and Addendum, including any statements made in the course of a proffer, this Agreement, the stipulations in paragraph 5 of this Agreement, and the plea colloquy:

        (1)    may be used in the United States' case in chief and to cross examine the defendant should he/she testify in any subsequent proceeding; and/or

        (2)    any leads derived therefrom may be used by the United States.

The defendant waives any and all rights to the contrary and shall assert no claim under the United States Constitution, any statute, or any rule of procedure or evidence to the contrary, including Federal Rule of Evidence 410 and Federal Rule of Criminal Procedure 11(f). Defendant has been advised of his/her rights pursuant to Federal Rule of Evidence 410 and Federal Rule of Criminal Procedure 11(f) and waives these rights.

15.    **PARTIES:**  This Agreement and Addendum is binding only upon the United States Attorney's Office for the Eastern District of Arkansas and the defendant. It does not bind any United States Attorney outside the Eastern District of Arkansas, nor does it bind any other federal, state or local prosecuting, administrative, or regulatory authority.

16.    **MISCELLANEOUS:**

        A.    MODIFICATION:  No term or provision contained herein may be modified, amended or waived except by express written agreement signed by the party to be bound thereby.

B. <u>HEADINGS AND CAPTIONS</u>: Subject headings and captions are included herein for convenience purposes only and shall not affect the interpretation of this Agreement and Addendum.

C. <u>WAIVER</u>: No waiver of a breach of any term or provision of this Agreement and Addendum shall operate or be construed as a waiver of any subsequent breach or limit or restrict any other right or remedy otherwise available. Any waiver must be expressly stated in writing signed by the party to be bound thereby.

D. <u>RIGHTS AND REMEDIES CUMULATIVE</u>: The rights and remedies of the United States expressed herein upon any breach hereunder by the defendant are cumulative and not exclusive of any rights and remedies otherwise available to the United States in the event of any breach of this Agreement and Addendum by defendant.

E. <u>JOINT NEGOTIATION</u>: This Agreement and Addendum has been mutually negotiated by the parties hereto, and any uncertainty or ambiguity existing herein shall not be interpreted against any party by reason of its drafting of this Agreement and Addendum, but instead shall be interpreted according to the application of the general rules of interpretation for arms-length agreements.

17. **NO OTHER TERMS:** This document and the Addendum completely reflect all promises, agreements and conditions made between the parties, constitute the entire agreement between the parties and supersedes any and all prior agreements or understandings between the parties, oral or written, with respect to the subject matter hereof.

18. **APPROVALS AND SIGNATURES**:

A. <u>DEFENDANT</u>: The defendant has read this Agreement and Addendum and carefully reviewed every part of it with his attorney. The defendant understands and

voluntarily agrees to the terms and condition of this Agreement and Addendum. Further, the defendant has consulted with his/her attorney and fully understands his rights with respect to the provisions of the United States Sentencing Guidelines which may apply to this case. No other promises or inducements have been made to the defendant, other than those expressly contained in this Agreement and Addendum. In addition, no one has threatened or forced the defendant in any way to enter into this Agreement and Addendum. Defendant further acknowledges that defendant has entered into this Agreement and Addendum, consciously and deliberately, by defendant's free choice, and without duress, undue influence or otherwise being forced or compelled to do so, and this Agreement and Addendum constitutes the legal, valid and binding obligation of the defendant, fully enforceable against defendant in accordance with its terms. Finally, the defendant is satisfied with the representation of his/her attorney in this case.

    B. DEFENSE COUNSEL: Defense counsel acknowledges that he is the attorney for the defendant, and that he has fully and carefully discussed every part of this Agreement and Addendum with the defendant. Further, defense counsel has fully and carefully advised the defendant of the defendant's rights, of possible defenses, and of the consequences of entering into this Agreement and Addendum, including the possible consequences of not complying with this Agreement and Addendum. To counsel's knowledge, the defendant's decision to enter into this Agreement and Addendum is an informed and voluntary decision.

[End of Text. Signature page attached.]

DATED this 23d day of August, 2023.

                                          JONATHAN D. ROSS
                                          United States Attorney

                                          By: John Ray White
                                          Assistant United States Attorney
                                          AR Bar Number 91003
                                          Post Office Box 1229
                                          Little Rock, Arkansas 72203
                                          501-340-2600
                                          John.white2@usdoj.gov

MUJERA B. LUNG'AHO
Defendant

MICHAEL K. KAISER
Attorney for Defendant